UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIEGO VARGAS | No. 20 CR 708<br><br>Judge Elaine E. Bucklo |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits its Sentencing Memorandum and requests the Court enter the mandatory minimum sentence of 60 months.

**I. PROCEDURAL HISTORY**

On October 1, 2020, an indictment was returned by the grand jury which charged the defendant with one count of maliciously attempting to damage and destroy, by means of an explosive device, a building used in an activity affecting interstate and foreign commerce, namely, a restaurant, in violation of Title 18, United States Code, Section 844(i) (20 CR 708).

In addition, on July 9 2020, an indictment was returned by a separate grand jury which charged the defendant with conspiring with others to commit an offense against the United States, namely, to take and carry away, with the intent to steal money exceeding $1,000 in value belonging to, and in the care, custody, control, management, and possession of First Midwest Bank, namely, United States currency stored in the First Midwest Bank ATM located at 2 South Broadway, Aurora, Illinois,

in violation of Title 18, United States Code, Section 2113(b), in violation of Title 18, United States Code, Section 371 (20 CR 331).

On June 10, 2021, pursuant to a written plea agreement, the defendant pled guilty to the sole count of the indictment in 20 CR 708 and agreed to the sole count in 20 CR 331 as a stipulated offense. Sentencing is currently scheduled for September 2, 2021.

## II. FACTUAL BACKGROUND

*20 CR 708*

The Egg Harbor restaurant is located in Naperville, Illinois and uses a building that involves an activity affecting interstate commerce. The restaurant served food and beverages which were transported into the State of Illinois from outside of the State of Illinois. On June 1, 2020, the defendant Diego Vargas picked up a street pole with a sign and threw the pole through the window of the Egg Harbor restaurant. The defendant, with the intent to damage the restaurant, then threw a lit explosive device through the window causing two explosions.

*20 CR 331*

On May 31, 2020, a group of individuals, including the defendant, attempted to steal U.S. currency from the Automated Teller Machine ("ATM") in the drive-through of the First Midwest Bank, at 2 South Broadway, Aurora, Illinois. At approximately 9:38 p.m., the defendant, along with co-defendants Fermin Ocampo-Tellez, Michael Gomez and a group of individuals, gathered in front of the ATM machine. The group worked together to attempt to break into the ATM and steal the currency stored inside. The defendant and others pulled apart a street sign, and the

defendant used the pole from the street sign to both hit the ATM and attempt to pry it open, in order to take the money inside. The defendant, and others, also tried to move the ATM from where it was anchored in the bank's drive-through, and he gripped the ATM and used his body weight to try to move or tip the ATM. He did this several times, in combination with other individuals, including his codefendants, who were also trying to break into the ATM with the intention of stealing the money stored within it.

### III. SENTENCING CALCULATIONS

The government concurs with the sentencing guidelines calculation set forth in the Pre-Sentence Report. PSR at ¶ 37. Pursuant to Guideline § 5G1.1(b), the guideline sentence is the minimum term of imprisonment required by Title 18, United States Code, Section 844(i), namely, a term of imprisonment of not less than five years. PSR ¶¶ 104 and 105.

### IV. THE 3553(A) FACTORS SUPPORT A SENTENCE OF 60 MONTHS

As part of the sentencing process, the Court is to consider the factors set forth in 18 U.S.C. § 3553(a) and impose a sentence that is sufficient, but not more than necessary, to achieve the goals of sentencing. In particular, Section 3553(a) requires the Court to consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) to afford adequate deterrence; and (5) to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct.

### A. Nature and Circumstances of the Offenses

In the early summer of 2020, the country erupted in (mostly) peaceful protests against the killing of George Floyd by police officers in Minneapolis. There were, however, incidents of rioting, looting and civil unrest caused by some protesters who sought to take advantage of the situation. Diego Vargas was one of those people.

On the evening of May 31, 2020, an unknown individual approached an ATM in Aurora and started to hit the ATM with a baseball bat in an obvious attempt to steal the currency inside the machine. Within moments a crowd, which included Vargas, formed and joined the batter in his quest. The incident was captured and recorded on the ATM's camera and by a police drone flying overhead. The videos show the crowd collectively attempting to push the ATM off its' moorings, hitting the ATM with a hand truck, and using wooden poles from a street sign (broken up by Vargas and others) to beat the machine. Although the crowd was unsuccessful in stealing the currency, the damage to the ATM was significant, resulting in over a $10,000 loss to First Midwest Bank.

The next evening, June 1, 2020, Vargas traveled to Naperville where he could be seen in videos walking the streets drinking alcohol and screaming at the police. While walking in the streets, Vargas, according to witnesses, picked up a street sign pole and used it to break the window of the Egg Harbor restaurant. He then lit an explosive device and threw it into the restaurant, which was captured on video by a bystander. The device caused two explosions, the second of which was significant. Fortunately, the restaurant was closed and no one was injured.

The Egg Harbor restaurant was not the only destruction Vargas caused that evening. He also damaged glass doors and windows of a Naperville furniture store and stole jewelry from a Pandora store. The DuPage County States Attorney's Office recently charged Vargas for those offenses (21CF1326).

Vargas' wanton disregard for commercial property warrants a term of imprisonment within the sentencing guidelines range.

B. **The History and Characteristics of the Defendant.**

Defendant is currently 25 years old, was born in Mexico and has no legal status in the United States. Despite defendant's relatively young age, defendant has a significant criminal history and has had multiple encounters with law enforcement dating back to when he was 16. PSR ¶¶ 41 – 51. Moreover, there are pending charges in state court against the defendant to include an assault on his (former) girlfriend that occurred in August 2020. PSR ¶ 53. According to his girlfriend, the defendant had been physically abusive to her on multiple occasions. PSR ¶ 70.

Defendant's prior lawlessness is a significant aggravating factor and support a sentence within the Guidelines range.

C. **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence**

There are several additional aggravating factors the Court should consider in fashioning the sentence. First, deterrence. The defendant's prior convictions and repeated run-ins with police had no impact on deterring him from continuing to engage in reckless conduct and indicate a significant sentence is required to deter

him from future criminal activity, as well as to protect the public. A sentence of 60 months will be defendant's longest sentence yet.

The mandatory minimum sentence of the 60 months will also reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence. The serious nature of the offenses presents a compelling need to protect the public. A sentence of 60 months – which is the Guidelines range - will also assist in ensuring the goals of fair and uniform sentencing. The U.S. Sentencing Guidelines are designed to lend consistency and fairness to sentencing and are "the product of careful study based upon extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46-47 (2007). Thus, a sentence within the guidelines range will serve to minimize unwarranted disparities between defendant and similarly situated defendants.

Moreover, the defendant has a history of disrespect for the law. Not only does he have a significant record of arrests and convictions, but the nature of some of his prior offense shows he has an unhealthy contempt for law enforcement officers.

### V.     Supervised Release Conditions

Vargas is an illegal alien and will likely enter deportation proceedings once he is released from custody. Nonetheless, it is the position of the government that the sentence include a three year term of supervised release in the event that the defendant is not deported or is not detained while immigration proceedings are

pending. To that end, the government agrees with the recommendations for conditions of supervised release set forth in the PSR.

## VI. Conclusion

For the reasons set forth above, and in consideration of the factors enumerated in 18 U.S.C. § 3553(a), the government concurs with the defendant's recommendation and respectfully requests that the Court impose a sentence of 60 months, to be followed by a period of three years of supervised release.

Dated: August 9, 2021                  Respectfully submitted,

                                                   JOHN R. LAUSCH, JR.
                                                   United States Attorney

By:     /s/ Barry Jonas
         BARRY JONAS
         KATE McCLELLAND
         Assistant United States Attorney
         219 S. Dearborn Street, 5th Floor
         Chicago, Illinois 60604
         (312) 886-8027